# WILLIAM GODDARD
### V.
# THE PEOPLE OF THE STATE OF ILLINOIS.

*Practice—Evidence.*

1. The rule requiring a conviction in a given case to rest upon evidence supporting it beyond a reasonable doubt, does not require that the proof shall be free from conflict.

2. Where the conflict is sharp, and the evidence can not be reconciled, the jury must credit a part and discredit the rest.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Piatt County; the Hon. E. P. VAIL, Judge, presiding.

Mr. W. G. CLOYD, for appellant.

Mr. JAMES HICKS, State's Attorney, for appellee.

WALL, P. J.   Appellant was found guilty on the first and second counts of an indictment charging him with selling liquor without license, and was fined $20 on each count, with cost.

. The sole question presented is whether the evidence sufficiently supports the finding and judgment.   A witness, Miller, produced by the prosecution, testified positively to two sales made to him.   This the defendant on oath denied.   The witness, Miller, was asked whether he did not make certain statements out of court which, if made, were calculated to disparage his testimony, which he denied, and witnesses were called who testified that he made them.   On the other hand a number of witnesses were called who testified that the reputation of the defendant for truth and veracity was such as to render him unworthy of belief.

Thus the evidence was conflicting.  There was undoubt-

edly enough on behalf of the prosecution, if believed, to jus-
tify the conviction, and the point was as to the credibility of
the witnesses. We can not undertake to say that this was
wrongly determined. We have nothing but the record. In
the trial court the living witnesses were present, to be judged
of very largely by their demeanor and appearance as well as
by what they testified.

The rule requiring a conviction to rest upon evidence sup-
porting it beyond a reasonable doubt, does not require that the
proof shall be free from conflict. In criminal cases the con-
flict is often as sharp and hopeless as in civil cases and the jury
is compelled to credit a part and discredit a part.

When the evidence can not be reconciled the jury may do
this. It would be a fatal defect in our system of jurispru-
dence if no conviction in such case could stand, for it would
only be necessary to contradict the testimony of the prosecu-
tion by witnesses worthy or unworthy of belief, in order to
obtain a reversal. The law has never been so declared. The
judgment will be affirmed.

*Judgment affirmed.*